FILED
2015 May-22  AM 09:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | Case No.  2:14-cv-01989-HGD |
| WORLEY BROTHERS SCRAP & IRON METAL OF ALABAMA LLC, et al., | ) ) ) ) | |
| Defendants | ) ) | |

## MEMORANDUM OPINION

The above-entitled civil action is before the court on the motion for summary judgment filed by plaintiff, PNC Bank National Association (PNC), seeking judgment against defendants Worley Brothers Scrap & Iron Metal of Alabama, LLC (Worley, LLC), Johnny Worley and Lonny Worley.  (Doc. 21).  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c), Rule 73, Fed.R.Civ.P., and Local Rule 73.2.

Plaintiff commenced this action by filing a complaint on October 16, 2014, against defendants, asserting causes of action for breach of a promissory note and

breach of a guaranty agreement.  Plaintiff filed its motion for summary judgment on March 27, 2015.  Under Appendix II to the Initial Order Governing All Further Proceedings entered in this action on December 17, 2014, defendants had 21 days in which to file their response to the motion.  (*See* Doc. 13 at 16).  To date, defendants have neither filed any response nor sought an extension of time in which to do so. Therefore, the summary judgment motion is unopposed.

**SUMMARY JUDGMENT STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  Rule 56(c) provides:

> (1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) **Materials Not Cited.** The court need consider only the cited materials, but it may consider other materials in the record.

(4) **Affidavits or Declarations.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c).

Plaintiff, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). A genuine issue of material fact is shown when the non-moving party produces evidence so that a reasonable factfinder could return a verdict in its favor. *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007). If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. Rule 56(e), Fed.R.Civ.P., provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c),

the court may: . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it. . . ." Fed.R.Civ.P. 56(e)(2) and (3).  In reviewing whether the non-moving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter.  The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor.  *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted). However, speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  A "mere scintilla of evidence" in support of the non-moving party also cannot overcome a motion for summary judgment.  *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

## DISCUSSION

For purposes of summary judgment, the following facts are undisputed. Defendant, Worley, LLC, is a Limited Liability Company formed under the laws of the State of Alabama whose principal place of business is in Birmingham, Jefferson County, Alabama.  Its members are defendants Johnny Worley and Lonny Worley. (Docs. 1-1 & 23-1, Business Entity Details from Alabama Secretary of State; Docs. 1-2 & 23-2, Articles of Formation for Worley Brothers Scrap & Iron Metal of

Alabama, LLC, from Alabama Secretary of State).  On March 19, 2013, PNC loaned Worley LLC $425,000.  (Doc. 23-3, Affidavit of Frank Kieran, at ¶ 4).  The loan is evidenced by a Promissory Note.  (*Id*.; Docs. 1-3 & 23-4, Promissory Note).  The Promissory Note was secured by the personal guaranties of Johnny Worley and Lonny Worley, dated March 19, 2013, in which Johnny Worley and Lonny Worley agreed to be obligated for the payment and performance of the indebtedness and obligations of Worley, LLC under the Note.  (Docs. 1-5 & 23-4, Johnny Worley Guaranty; Docs. 1-6 & 23-5, Lonny Worley Guaranty; Doc. 23-3, Affidavit of Frank Kieran, at ¶¶ 5, 6).

Worley, LLC has defaulted on the Note for reasons, including, but not limited to, Worley, LLC having failed to pay sums due when called for under the terms of the Note.  The Note has matured but Worley, LLC has failed to pay the balance due under the terms of the Note.  (Doc. 23-3, Affidavit of Frank Kieran, at ¶ 8).  By virtue of Worley, LLC's default, the Note was accelerated and demand was made upon Worley, LLC for payment of all sums due under the accelerated Note.  (*Id.* at ¶ 9; Docs. 1-4 & 23-5, Demand Letter dated August 27, 2014).  Under the Note and Guaranties, all defendants are obligated to reimburse PNC for all costs of collection, including without limitation, reasonable attorney's fees.  (Docs. 1-3 & 23-4,

Promissory Note, at 2; Docs. 1-5 & 23-4, Johnny Worley Guaranty, at 2-3; Docs. 1-6 & 23-5, Lonny Worley Guaranty, at 2-3).

PNC hired the firm of Sirote & Permutt, P.C., to collect the indebtedness owed to PNC by Worley, LLC, Johnny Worley and Lonny Worley.  (Doc. 23-3, Affidavit of Frank Kieran, at ¶ 15).  A total of $7,948.00 in fees has been incurred by PNC by hiring the law firm of and lawyers at Sirote & Permutt, P.C., to collect the indebtedness owing under the Note. (Doc. 23-6, Affidavit of Rodney E. Nolan).  The court finds that the hourly rates of $175 for Sirote & Permutt attorneys Rodney E. Nolan, George M. Neal, Jr., C. Lee Reeves and Stephen B. Porterfield, and $90 for paralegal Susan D. Conger are reasonable and customary for the relevant market.  The court further finds that the number of hours expended by the Sirote & Permutt attorneys and paralegal (49.4) in pursuing collection of the amounts owed by defendants to plaintiff are reasonable and necessary.

As of February 25, 2015, defendants owe PNC $435,998.92 (principal of $422,629.44 plus accrued interest of $12,915.64).  Interest continues to accrue at a *per diem* rate of $57.89.  (Doc. 23-3, Affidavit of Frank Kieran, at ¶ 3).  Defendants also owe $453.84 in late charges.  (*Id.* at ¶ 10, 12 & 13).  Defendants also owe $7,948.00 in attorney's fees.

## CONCLUSION

Based on the foregoing, the court finds that plaintiff is entitled to summary judgment in its favor and against defendants, jointly and severally, in the total sum of $443,946.92, which is comprised of principal in the sum of $422,629.44, accrued interest in the amount of $12,915.64 as of February 25, 2015, with additional interest at a rate of $57.89 per day to the date of entry of judgment ($4,978.54 as of May 22, 2015), late charges in the amount of $453.84, and attorney's fees of $7,948.00.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 22nd day of May, 2015.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE